# United States District Court
## Northern District of Alabama
### Eastern Division

03 JUN -4  AM 10: 10

U. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| **Richard E. Hardy**, | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-02-CO-2005-E |
| | ] | |
| **United States of America**, | ] | |
| | ] | |
| Defendant(s). | ] | |
| | ] | |

**Memorandum of Opinion**

ENTERED

JUN 0 4 2003

## I.    Introduction.

Presently before the court is a motion for summary judgment, filed by the defendant on December 20, 2002, [Doc. # 9], as well as a motion for leave to supplement the motion for summary judgment, filed by the defendant on February 10, 2003, [Doc. # 18]. The issues raised in the motion for summary judgment have been briefed by both parties, and are now ripe for decision. Upon due consideration, both the motion for leave to supplement the motion for summary judgment and the motion for summary judgment will be granted.

## II.    Facts.[1]

The plaintiff, Richard E. Hardy ("Mr. Hardy"), filed two amended federal income tax returns for 1982; on one, he wrote the words "not lyable" (sic) and entered "0" for the amount of adjusted gross income, and on the other he wrote the words "not lyable" (sic)

---

[1] The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).



and attached a statement asserting that he had no income because income "can only be derived from corporate activity," and that filing the return violated his rights under the Constitution. Likewise he filed two federal income tax returns for 1997. On one of his 1997 returns, Mr. Hardy asserted that "there is no statute that referenced the I.R.S. Code granting the goveerment [(sic)] the authority to impose a direct income tax on me," "the only employee in the entire I.R.S. Code is the federal government," "the only employee in the entire I.R.S. Code is the federal employee," and "there are no regulation[s] supporting the collection of direct income tax." On the other 1997 return, Mr. Hardy wrote the words "not lyable" (sic) and stated that his income was "0" for the year. He again asserted the objections made in his second 1982 return. Finally, on his income tax return for 1998, Mr. Hardy asserted those objections for the third time and entered "0" at nearly all lines of the return.

On April 12, 1999, the Internal Revenue Service ("IRS") assessed against Mr. Hardy two $500 penalties for filing frivolous returns for the years 1982 and 1997. Notices of the assessments were sent to Mr. Hardy on that date.[2] On July 19, 1999, the IRS assessed another $500 penalty against Mr. Hardy for filing a frivolous return with respect to the year 1998, and a notice of the assessment was sent to him on that date. On November 27, 2001, the IRS sent Mr. Hardy a notice of its intent to collect the penalties by levy, which advised Mr. Hardy of his right to a collection due process ("CDP") hearing. On December 10, 2001, the IRS received from Mr. Hardy a timely request for a CDP hearing; that hearing was

---

[2] The defendant has submitted Certificate of Assessment and Payments forms that indicate that the penalties were assessed, and notices were issued, on the dates stated herein.

scheduled to take place by telephone on May 29, 2002, but upon Mr. Hardy's request, it was rescheduled as a face-to-face meeting on July 10, 2002, with Thomas R. Owens ("Mr. Owens") of the IRS Office of Appeals. Mr. Owens had no prior involvement with the penalties at issue in the hearing; however, Mr. Owens, who held the position of chief of the Special Procedures Function of the IRS in Birmingham prior to becoming employed by the Office of Appeals, was the IRS's signatory to a notice of federal tax lien filed against Mr. Hardy for deficiencies in his income tax returns for the year 1985.

Mr. Hardy requested permission to tape-record the CDP hearing; however, this request was denied. At the hearing, Mr. Hardy contended that the returns in question were not frivolous; however, when given the chance to discuss collection alternatives to a levy, he did not request any alternatives. Rather, Mr. Hardy stated that he could pay the penalties in full. In a notice of determination issued on July 25, 2002, Mr. Owens concluded that all requirements of the law, regulations, and administrative procedures had been met, and sustained the proposed levies.

Pursuant to 26 U.S.C. § 6330(d)(1), Mr. Hardy filed the instant action seeking judicial review of the determination sustaining the levies on August 16, 2002. [Doc. # 1, Compl.] Although his filings are less than perfectly clear, Mr. Hardy seems to allege a number of procedural defects attendant to his CDP hearing that necessitate the court's intervention. Specifically, Mr. Hardy alleges: (1) that he did not receive the notice required by 26 U.S.C. § 6330(a)(1), and that the notice he did receive was not made by the Secretary of the Treasury as required by that section; (2) that the notice failed to comply with 26 U.S.C. § 6751; (3) that Mr. Owens' signature on the notice of federal tax lien for Mr. Hardy's 1985 tax

deficiencies rendered him not an impartial appeals officer in violation of 26 U.S.C. §
6330(b)(3); (4) that Mr. Owens did not obtain verification that the requirements of the law
or any applicable administrative procedure had been met as required by 26 U.S.C. §
6330(c)(1); (5) that the IRS was required by 26 U.S.C. § 7521 to allow him to tape-record the
CDP hearing, and its failure to do so invalidates Mr. Owens' determination; and (6) that the
underlying penalties are not warranted under the circumstances.[3] The instant motion for
summary judgment was filed on December 20, 2002. [Doc. # 9.] The plaintiff filed an
opposition to the motion [Doc. # 14], which raised a number of issues not explored in the
complaint; as a result, the defendant filed a motion to supplement its motion for summary
judgment on February 10, 2003, [Doc. # 18], in order to address some of the issues first
raised by the plaintiff in his response to the motion for summary judgment. Because the
court will address the allegations first raised in the plaintiff's response to the motion for
summary judgment, it will grant the defendant's motion to supplement the motion for
summary judgment.

**III.    Standard.**

Summary judgment is proper "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there
is no genuine issue as to any material fact and that the moving party is entitled to a
judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment
"always bears the initial responsibility of informing the district court of the basis for its

---

[3] Some of these issues were raised in the complaint; others were first raised in the plaintiff's submission
in opposition to the defendant's motion for summary judgment. Because the plaintiff is proceeding *pro se*, the
court will address each ground upon which the plaintiff challenges the underlying determination.

motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

In appeals of CDP determinations, courts review the validity of the assessments *de novo*, but review other determinations under an abuse of discretion standard. *See, e.g., Sillavan v. United States*, CV-01-BU-803-S, slip op. at 8 (N.D. Ala. Jan. 14, 2002); *Geller v. United States*, C2-00-1116, 2001 U.S. Dist. Lexis 16977, at *6 (S.D. Ohio Sept. 25, 2001); *Pikover v. United States*, CV-00-12379NM, 2001 U.S. Dist. Lexis 16949, at *8 (C.D. Cal. Aug. 22, 2001); *Konkel v. Comm'n of Internal Revenue*, 6:99-CV-1026-Orl-31C, at *8 (M.D. Fla.

Nov. 6, 2000); *MRCA Info. Servs. v. United States*, 145 F. Supp. 2d 194, 199 (D. Conn. 2000); *Goza v. Comm'r*, 114 T.C. 176, 181-82 (2000).

## IV.   Discussion.

### A.   The legal framework.

Pursuant to 26 U.S.C. § 6702, the IRS may impose upon an individual who files a frivolous income tax return a penalty in the amount of $500. If the taxpayer fails to pay the penalty assessed against him within ten days after notice and demand, the IRS may collect such penalty by way of a levy upon any and all property belonging to the taxpayer. 26 U.S.C. § 6331(a). However, prior to levying on the taxpayer's property, the IRS must notify him of its intent to levy against his property and his right to a CDP hearing. *Id.* § 6330. If the taxpayer requests a hearing, the IRS Appeals Office conducts the hearing; the appeals officer who conducts the hearing must have had no previous involvement with the penalty that gave rise to the levy. *Id.* § 6330(b). At the hearing, the appeals officer must verify that the applicable requirements of the Internal Revenue Code, as well as IRS procedures, have been met. *Id.* § 6330(c). In making a determination, the appeals officer must take into account the verification of procedures, the issues presented by the taxpayer, and whether any proposed collection action balances the need for the efficient collection of the penalty with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. *Id.* § 6330(c)(3). If the taxpayer is dissatisfied with the determination, he may seek judicial review, as Mr. Hardy has done in the instant action. *Id.* § 6330(d).

**B.      The plaintiff's allegations.**

**1.      Sufficiency of the notices.**

Mr. Hardy seems to allege that he did not receive notice of the IRS's intent to collect

the penalties assessed against him by levy, as required by 26 U.S.C. § 6330(a)(1). However,

the undisputed evidence, in the form of Certificate of Assessment and Payments forms

submitted by the defendant, shows that appropriate and timely notices were sent by the IRS.

In the absence of proof that the notices were not sent, or were somehow deficient,

notations on Certificate of Assessment and Payments forms establish that the proper notices

were sent. *See United States v. Chila*, 871 F.2d 1015, 1019 (11th Cir. 1989).

Furthermore, Mr. Hardy challenges the sufficiency of notices received by him on the

grounds that they were not issued by the Secretary of the Treasury, as required by 26 U.S.C.

§6330(a)(1). While the statute in question does require that notice be sent by the Secretary,

the Internal Revenue Code clearly states that the term "Secretary" as used in the code

"means the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701. Pursuant to validly

promulgated regulations, the Secretary's authority to issue notices has been delegated to

the District Director and also to the Director of the Service Center. *See* 26 C.F.R. § 301.6212-

1(a). The Certificates of Official Record from the IRS with respect to Mr. Hardy's case

indicate that the notices in question were validly prepared and sent by the Director of the

Service Center. As such, Mr. Hardy has not raised a genuine issue of material fact with

respect to the sufficiency of the notices in this case.

### 2.    Compliance with 26 U.S.C. § 6751.

Mr. Hardy alleges that the notices he received were deficient insofar as they did not comply with 26 U.S.C. § 6751, which requires that all notices shall include "the name of the penalty, the section of [the tax code] under which the penalty is imposed, and a computation of the penalty." 26 U.S.C. § 6751. However, because the penalties in question in this case were assessed in 1999, § 6751, which applies only to penalties assessed after June 30, 2001, has no application to the notices sent to Mr. Hardy. *See* Internal Revenue Service Restructuring and Reform Act of 1998, § 3306, Pub. L. No. 105-206, 112 Stat. 744, *amended by* Consolidated Appropriations Act 2001, § 302, Pub. L. No. 106-554, 114 Stat. 2763A-632. Therefore, even if the notices in question failed to comply with § 6751, such failure does not provide a basis for invalidating the appeals determination in this case.

### 3.    Impartial appeals officer.

Under the applicable law, the CDP hearing must "be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in [the notice sent pursuant to 26 U.S.C. § 6330(a)(1)] before the first hearing under this section." 26 U.S.C. § 6330(b)(3). Mr. Hardy contends that the appeals officer in his case was not impartial, and as proof thereof, he offers a notice of federal tax lien regarding Mr. Hardy's 1985 income tax liability to which Mr. Owens was the signatory for the IRS. However, while Mr. Owens may have had some involvement in issues related to Mr. Hardy's tax liability for the year 1985, the undisputed evidence shows that Mr. Owens had no prior involvement with respect to the specific penalties at issue in the CDP hearing; § 6330(b)(3) requires

nothing more. Therefore, Mr. Owens was impartial within the meaning of the statute, and this argument provides no basis for vacating his determination.

### 4.    Compliance with 26 U.S.C. § 6330(c)(1).

Mr. Hardy contends that Mr. Owens failed to comply with the terms of 26 U.S.C. § 6330(c)(1), which requires the appeals officer to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1). Generally, courts have held that the hearing officer's receipt of IRS Form 4340, which is the Certificate of Assessment and Payments form, provides at least presumptive evidence that a tax or penalty has been validly assessed. *See United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989); *see also Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993); *Hefti v. IRS*, 8 F.3d 1169, 1172 (7th Cir. 1993); *Geiselman v. United States*, 961 F.2d 1, 5-6 (1st Cir. 1992); *Rocovich v. United States*, 933 F.3d 991, 994 (Fed. Cir. 1991); *Davis v. Comm'r*, 115 T.C. 35, 40 (2000). Furthermore, it has been held that the appeals officer need not bring the documents used in the verification to the hearing, nor need he give the taxpayer a copy of them. *Nestor v. Comm'r*, 118 T.C. 162 (2002). Without evidence that demonstrates an irregularity in the assessment procedure that would raise a question about the validity of the assessments, the Form 4340 reflecting Mr. Hardy's liability for the penalties in question satisfies § 6330(c)'s requirement that the appeals officer verify that the requirements of applicable law and administrative procedure were met.

### 5.    Mr. Hardy's inability to tape-record the hearing.

Mr. Hardy argues that Mr. Owens' refusal to allow him to tape-record the hearing was in contravention of applicable law and therefore provides a basis for vacating Mr.

Owens' determination. Mr. Hardy bases this argument on 26 U.S.C. § 7521(a)(1), which states:

> Any officer or employee of the [IRS] in connection with any in-person interview with any taxpayer relating to the determination or collection of any tax shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of such interview at the taxpayer's own expense and with the taxpayer's own equipment.

26 U.S.C. § 7521(a)(1). The court is of the opinion that under the plain meaning of the language used in § 7521(a)(1), this section is inapplicable to CDP hearings.

On its face, § 7521(a)(1) applies to interviews with taxpayers relating to the determination or collection of any tax. It is clear to the court that the CDP hearing at issue in this case was not an interview relating to the determination or collection of a tax. Rather, it was a due process hearing regarding the manner of collecting a penalty from Mr. Hardy. As such, § 7521(a)(1) is inapplicable, and the determination's validity may not be questioned on the basis that Mr. Hardy was not permitted to tape-record the proceedings.

The court's conclusion is buttressed by a regulation promulgated by the Secretary of the Treasury, which states that "[a] transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required." 26 C.F.R. § 301.6330-1(3)(A-D6). *See United States v. Correll*, 389 U.S. 299, 307 (1967) (holding that Treasury Regulations carry the weight of law if they implement congressional mandates in some reasonable manner). Thus, Mr. Hardy was not entitled to tape-record the hearing, and Mr. Owens did not abuse his discretion in forbidding Mr. Hardy from doing so.

### 6.      The validity of the underlying penalties.

Finally, to the extent that Mr. Hardy challenges the validity of the underlying penalties, the court is satisfied that they were warranted in this case. 26 U.S.C. § 6702 imposes a $500 penalty on any taxpayer filing a frivolous tax return. Examples of frivolous returns are returns that make reference to judicially rejected constitutional arguments and returns that contain insufficient information to determine tax liability. S. Rep. No. 97-494(I), at 277-78 (1982), *reprinted in* 1982 U.S.C.A.A.N. 781, 1023-24. Courts have consistently found returns like those filed by Mr. Hardy to be frivolous within the meaning of § 6702. *See, e.g.*, *Stoecklin v. Comm'r*, 865 F.2d 1221 (11th Cir. 1989); *Ricket v. United States*, 773 F.2d 1214 (11th Cir. 1985); *Peeples v. Comm'r*, 771 F.2d 77 (4th Cir. 1985); *Hyslep v. United States*, 765 F.2d 1083 (11th Cir. 1985); *Rennie v. IRS*, 216 F. Supp. 2d 1078 (E.D. Cal. 2002); *Davis v. United States*, No. 84-C-5431, 1984 U.S. Dist. Lexis 22301 (N.D. Ill. Oct. 31, 1984); *Heitman v. United States*, 3-83-0732, 1984 U.S. Dist. Lexis 19675 (M.D. Tenn. Feb. 8, 1984). Indeed, statements such as income may be derived only from corporate activity and that only federal employees are considered employees within the meaning of the tax code are certainly frivolous. The court is therefore of the opinion that the underlying penalties were warranted, so to the extent Mr. Hardy challenges their validity, his claim must fail.

### V.      Conclusion.

Upon review of the record, the court finds no basis for concluding that the appeals officer abused his discretion in the execution of the notice of determination. Furthermore, to the extent that Mr. Hardy challenges the validity of the underlying penalties, the court is of the opinion that the assessments were warranted. Therefore, the court finds that the

defendant is entitled to summary judgment and that the administrative determination is due to be sustained. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this _____ of June, 2003.

_____
L. Scott Coogler
United States District Judge